UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                              Criminal Case No. 05-80266-1
                                              Honorable Patrick J. Duggan

ARSHAD ALI MALIK,

      Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE ADJUSTMENT

Defendant pleaded guilty to one count of possession with intent to distribute and to distribute heroin and, on November 17, 2009, this Court sentenced Defendant to a term of imprisonment of seventy-eight (78) months. Defendant is not a citizen of the United States and is subject to deportation. Presently before the Court is Defendant's Motion for Sentence Adjustment, filed March 9, 2011. At the Court's request, the Government filed a response to the motion on April 11, 2011. Defendant filed a reply brief on April 21, 2011.

In his motion, Defendant contends that he is subjected to harsher conditions of confinement and is ineligible for certain rehabilitative programs as a result of his status as a deportable alien. According to Defendant, this includes his ineligibility for timely release to a halfway house. He therefore asks the Court to modify his sentence to allow for his release to the custody of Immigration and Customs Enforcement on the date of his eligibility for release to a halfway house and a reduction of his sentence "to compensate

for the disparity in conditions" of his confinement.

Some courts have held that, at sentencing, "a downward departure may be appropriate where the defendant's status as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence." *United States v. Smith*, 27 F.3d 649, 655 (D.C. Cir. 1994); *see also, e.g.*, *United States v. Lopez-Salas*, 266 F.3d 842, 847 (8th Cir. 2001) (citing cases). The time has expired, however, for Defendant to challenge his sentence by way of a direct appeal or a motion for post-conviction relief under 28 U.S.C. § 2255. *See* Fed. R. App. P. 4(b) (establishing a fourteen day period for a defendant to file a notice of appeal in a criminal case); 28 U.S.C. § 2255(f) (setting forth a one-year limitations period for a federal prisoner to file a motion to vacate, set aside, or correct sentence). A district court is authorized to modify a defendant's sentence only in those instances where Congress has granted it jurisdiction to do so. *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

In 18 U.S.C. § 3582(c), Congress provided that a court *may not* modify a term of imprisonment once it has been imposed except in the three limited circumstances set forth in the statute. *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (citing 18 U.S.C. § 3582). The Sixth Circuit Court of Appeals has described those limited circumstances as follows:

> Under 18 U.S.C. § 3582(c), a trial court may amend a sentence of imprisonment only where one of the circumstances set forth in that statute is present. These factors include: 1) where the Bureau of Prisons has requested the modification based upon extraordinary and compelling

> circumstances warranting a reduction or the fact that the defendant is at least seventy years of age, has served at least thirty years in prison and presents no danger to the safety of the community, *see* 18 U.S.C. § 3582(c)(1)(A)(i) and (ii); 2) where modification is permitted under Fed. R. Crim. P. 35, *see* 18 U.S.C. § 3582(c)(1)(B); or 3) where the guideline range for the offense of conviction has been retroactively lowered, *see* 18 U.S.C. § 3582(c)(2).

*United States v. Benjamin*, No. 97-2147, 1999 WL 685924, at *4 (6th Cir. 1999) (unpublished opinion) (Attachment A). Section 3582(c) also authorizes a district court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

In Defendant's case, the Bureau of Prisons has not requested a modification of his sentence, modification is not permitted under Federal Rule of Criminal Procedure 35,[1] and the guideline range has not been lowered. Defendant cites no statute authorizing a modification of his sentence. In short, this Court lacks the authority at this time to adjust Defendant's sentence based on his status as a deportable alien.

Accordingly,

---

[1] Pursuant to Federal Rule of Criminal Procedure 35, the court may correct a sentence under limited circumstances: (a) within fourteen days after sentencing to correct an arithmetical, technical, or other clear error; or (b) upon the Government's motion based on the defendant's substantial assistance post-sentencing. Neither of these circumstances is presented here.

**IT IS ORDERED**, that Defendant's Motion for Sentence Adjustment is **DENIED**.

Date:  May 23, 2011                    <u>s/PATRICK J. DUGGAN</u>
                                       UNITED STATES DISTRICT JUDGE

Copies to:
Arshad Ali Malik
Register # 89000-024
CI NE Ohio Corr. Ctr.
Correctional Institution
2240 Hubbard Rd.
Youngstown, OH 44501

AUSA Michael R. Mueller

# **Attachment A**

NOTICE: THIS IS AN UNPUBLISHED OPINION.
(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA6 Rule 28 and FI CTA6 IOP 206 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Sixth Circuit.

UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Jeffery Corson BENJAMIN, Defendant-Appellant.
No. 97-2147.

Aug. 26, 1999.

Before SILER and GILMAN, Circuit Judges; GRAHAM,[FN*] District Judge.

> [FN*] The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

*ORDER*

**\*1** Jeffery Corson Benjamin, appellant herein, was one of twelve defendants indicted in the United States District Court for the Eastern District of Michigan for one count of conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. Benjamin was arraigned on February 10, 1997 and pleaded not guilty. A plea agreement signed by Benjamin on February 5, 1997 was filed with the court on March 19, 1997.

Benjamin entered a guilty plea pursuant to the plea agreement on April 17, 1997. The sentencing estimates incorporated in the plea agreement indicated that Benjamin was facing a sentence of twenty years to life, but that under the "safety valve" provisions, 18 U.S.C. § 3553(f) and United States Sentencing Guidelines ("U.S.S.G.") § 5C1.2, Benjamin would probably be placed in a total offense level of 29, criminal history category III, with a sentencing range of 87 to 108 months. The only binding sentencing limitation placed upon the court by the plea agreement was that Benjamin would not receive a sentence greater than the midpoint of the guideline range ultimately found to be applicable in his case.

The probation officer concluded in the final presentence report that Benjamin was at a total offense level of 27, criminal history I, resulting in a range of 70 to 87 months, and that Benjamin avoided a mandatory minimum sentence of 120 months due to qualifying under the "safety valve" provision in U.S.S.G. § 5C1.2. On September 18, 1997, the government filed a motion for downward departure under U.S.S.G. § 5K1.1 and recommended a sentence of 54 months. On October 9, 1997, the court sentenced Benjamin to a term of incarceration of 67 months.

Benjamin filed a notice of appeal on October 20, 1997. On December 17, 1997, Benjamin, who had

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

188 F.3d 509, 1999 WL 685924 (C.A.6 (Mich.))
(Table, Text in WESTLAW), Unpublished Disposition

(Cite as: 188 F.3d 509, 1999 WL 685924 (C.A.6 (Mich.)))

retained new counsel, filed motions for bond pending appeal and for resentencing or, in the alternative, for leave to withdraw his guilty plea. Benjamin contended that government agents had promised him a sentence of ten years probation. On January 8, 1998, the trial court denied the motion for bond pending appeal, and denied the motion for resentencing or to withdraw the guilty plea on the ground that the court lacked jurisdiction to rule on that motion in light of the pending appeal.

Benjamin has raised six assignments of error. In the first three assignments of error, Benjamin contends that the district court did not adequately comply with the requirements of Fed.R.Crim.P. 11 in accepting his guilty plea.

The failure to strictly comply with the procedures contained in Rule 11 is subject to a harmless error analysis. Fed.R.Crim.P. 11(h). In determining whether the trial court properly accepted a defendant's plea, this court will review the totality of the circumstances, vacating the plea only where there is a variance from the required procedure and that variance affects a substantial right of the defendant. *United States v. Bashara,* 27 F.3d 1174, 1178-79 (6th Cir.1994), *cert. denied,* 513 U.S. 1115 (1995); *United States v. Syal,* 963 F.2d 900, 904 (6th Cir.1992).

**\*2** In the first assignment of error, Benjamin contends that the court should have made further inquiries about whether any additional promises were made to him and about his understanding as to the extent of a possible downward departure at the request of the government.

Where the parties have reached a plea agreement, Fed.R.Crim.P. 11(e)(2) mandates that "the court shall, on the record, require the disclosure of the agreement in open court[.]" The trial court in this case required such disclosure. Counsel for the government stated the terms of Benjamin's plea agreement on the record, and Benjamin, when asked by the court if the statement was "exactly what you understand your agreement to be," responded that it was. Jt.App., Vol. I, p. 119. Benjamin also acknowledged under oath that he had read and signed the agreement and that it included every promise or representation that the government had made. Jt.App., Vol. I., pp. 116-117. The trial court further inquired, "Do you understand that if you're relying on anything not written in here, you'll never get it enforced in this court, because the court relies on this written paper?", to which Benjamin responded affirmatively, Jt.App., Vol. I, p. 117.

The trial court complied with Rule 11(e)(2) by requiring the disclosure of any agreement between the parties on the record. Benjamin now contends, despite his earlier sworn statements, that he was promised a sentence of probation, and that the trial court should have made further inquiries. However, the parties have a duty under Rule 11(e)(2) to inform the court of the extent of their agreement. *United States v. Hernandez,* 79 F.3d 1193, 1194 (D.C.Cir.1996). Benjamin gave the trial court no notice that a more searching inquiry was warranted. *See United States v. Farley,* 72 F.3d 158, 164 (D.C.Cir.1995).

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

188 F.3d 509, 1999 WL 685924 (C.A.6 (Mich.))
(Table, Text in WESTLAW), Unpublished Disposition

(Cite as: 188 F.3d 509, 1999 WL 685924 (C.A.6 (Mich.)))

The trial court fully complied with the disclosure requirements of Rule 11(e)(2), and reversal on that ground is not warranted. The factual question of whether Benjamin was promised probation has not been developed in the record currently before this court. The issues of whether Benjamin was promised probation, and if so, whether this promise rendered his guilty plea involuntary, are properly left to proceedings on a petition filed under 28 U.S.C. § 2255.

Benjamin also argues that the trial court should have inquired further into his understanding as to the possible extent of a downward departure. The plea agreement in this case specified that the government reserved the right to make the sole determination as to whether the defendant had provided substantial assistance, and that any motion filed by the government would be limited to a departure authorized by U.S.S.G. § 5K1.1 and would not include a motion for departure below the mandatory statutory minimum pursuant to 18 U.S.C. § 3553(e). The plea agreement further stated that the government retained the power to recommend how much of a departure there should be, but that the amount of the reduction, if any, would be determined by the court. Benjamin indicated at the Rule 11 proceeding that he had read the plea agreement and understood its terms. Jt.App., Vol. I, p. 117. He stated at the time of the plea that he was forty-three years old, and that he had "done some college." Jt.App., Vol. I, p. 109. He never told the court that he thought that a downward departure to a sentence of probation would be recommended. The trial court did not violate Rule 11 by failing to inquire further as to Benjamin's understanding of the scope of a possible downward departure.

**\*3** In his second assignment of error, Benjamin contends that the trial court did not adequately explain the ramifications of the language in the plea agreement whereby the parties agreed that "any sentence of incarceration shall not exceed the midpoint of the sentencing guideline range that the court finds to be applicable." This language amounted to a sentencing recommendation under Fed.R.Crim.P. 11(e)(1)(C) which was binding on the court. This agreement was placed on the record at the plea proceedings. Benjamin stated that he had read the plea agreement and that he fully understood it. He does not suggest how the trial court could have made his understanding of this provision any clearer. The trial court followed this binding sentencing recommendation by sentencing Benjamin below the midpoint of the applicable guideline range. This assignment of error is without merit.

Benjamin argues in his third assignment of error that the trial court did not adequately advise him that the court was not bound by any requested downward departure by the government. As noted above, the plea agreement stated that the extent of any downward departure was a matter for the trial court to determine, and Benjamin indicated he fully understood the plea agreement. Benjamin was adequately informed that the amount of the reduction for substantial assistance was for the trial court to determine.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

188 F.3d 509, 1999 WL 685924 (C.A.6 (Mich.))
(Table, Text in WESTLAW), Unpublished Disposition

(Cite as: 188 F.3d 509, 1999 WL 685924 (C.A.6 (Mich.)))

Benjamin correctly notes that the trial court failed to advise him that if the court did not follow the government's § 5K1.1 recommendation for the amount of a downward departure, he would have no right to withdraw his guilty plea.

If the plea agreement includes a sentencing recommendation under Fed.R.Crim.P. 11(e)(1)(B) which is not binding on the court, "the court shall advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw his plea." Fed.R.Crim.P. 11(e)(2). This circuit has thus far declined to determine whether a recommendation for a downward departure is a "particular" sentence entered pursuant to (e)(1)(B), thereby triggering the (e)(2) warning requirement. *See United States v. Lowery,* 60 F.3d 1199, 1206 (6th Cir.1995). The Eighth Circuit has expressed doubt that a § 5K1.1 recommendation falls within the (e)(2) warning requirement, *see United States v. McCarthy,* 97 F.3d 1562, 1575 (8th Cir.1996), and the Ninth Circuit has concluded that the (e)(2) warning requirement does not apply to § 5K1.1 motions, *see United States v. Uba,* 103 F.3d 143, 1996 WL 717103 (unreported) (9th Cir.1996).

Even assuming that the Rule 11(e)(2) warning requirement is applicable to § 5K1.1 motions, the failure to give such a warning may be harmless error. *McCarthy,* 97 F.3d at 1575, *Lowery,* 60 F.3d at 1206. Here, the plea agreement provided that "the amount of a reduction, if any, will be determined by the court." The plea agreement further provided that the "court's failure to follow such a recommendation, if made, is not a valid basis for defendant to withdraw the guilty plea or to rescind the plea agreement." This language is the equivalent of the warning required under Rule 11(e)(2). Benjamin acknowledged at the Rule 11 proceedings that he had read the plea agreement and that he fully understood it. Under these circumstances, the failure of the trial court to give the Rule 11(e)(2) warning is harmless error. *See McCarthy,* 97 F.3d at 1576 (finding harmless error where the plea agreement contained language of Rule 11(e)(2) warning and defendant indicated that he had read and understood the plea agreement). The third assignment of error is without merit.

**\*4** Benjamin's fourth, fifth and sixth assignments of errors concern his motion to withdraw his guilty plea. In his fourth assignment of error, Benjamin argues that government agents promised him a sentence of ten years probation in exchange for his assistance, and that he is entitled to specific performance of this promise. In the fifth assignment of error, Benjamin contends that the trial court erred in failing to resentence him or to permit him to withdraw his guilty plea, and in not conducting an evidentiary hearing on his motion to withdraw his plea. In the sixth assignment of error, Benjamin contends that he should be permitted to withdraw his plea based upon alleged improper conduct on the part of government counsel, including the fact that government counsel allegedly contacted him on two occasions without his attorney being present.

The trial court correctly found that it lacked jurisdiction to consider these matters. Under 18 U.S.C. §

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

3582(c), a trial court may amend a sentence of imprisonment only where one of the circumstances set forth in that statute is present. These factors include: 1) where the Bureau of Prisons has requested the modification based upon extraordinary and compelling circumstances warranting a reduction or the fact that the defendant is at least seventy years of age, has served at least thirty years in prison and presents no danger to the safety of the community, *see* 18 U.S.C. § 3582(c)(1)(A)(i) and (ii); 2) where modification is permitted under Fed.R.Crim.P. 35, *see* 18 U.S.C. § 3582(c)(1)(B); or 3) where the guideline sentencing range for the offense of conviction has been retroactively lowered, *see* 18 U.S.C. § 3582(c)(2). None of those factors is applicable here, and the trial court lacked jurisdiction to resentence Benjamin.

The trial court also properly declined to consider Benjamin's motion to withdraw his guilty plea on the basis of lack of jurisdiction. Fed.R.Crim.P. 32(e) (formerly designated as Rule 32(d)) provides that after sentencing, "a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255." *See also United States v. Todaro,* 982 F.2d 1025, 1028 (6th Cir.), *cert. denied,* 508 U.S. 943 (1993)(after sentencing, guilty plea can be set aside only on direct appeal or via a § 2255 motion); *United States v. Davis,* 954 F.2d 182, 184 (4th Cir.1992)(same). After sentencing, a district court lacks jurisdiction to rule on a motion to set aside a guilty plea.   *Farley,* 72 F.3d at 162; *United States v. Baker,* 790 F.2d 1437, 1438 (9th Cir.1986). This court also lacks jurisdiction to consider the merits of Benjamin's motion to withdraw his guilty plea. *Baker,* 790 F.2d at 1438. The trial court properly denied Benjamin's motion for resentencing or to withdraw his guilty plea without conducting an evidentiary hearing. The claims in Benjamin's fourth through sixth assignments of error must be asserted in a § 2255 petition. Assignments of error four through six are denied.

**\*5** Accordingly, the judgment and commitment order entered on October 9, 1997 and the order of January 8, 1998 denying the motion for resentencing or for withdrawal of guilty plea on the basis of lack of jurisdiction are hereby AFFIRMED.